United States District Court
Southern District of Texas
**ENTERED**
July 20, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCUS T. GRANT, § § *Plaintiff*, § § v. § § LAURA SAUCEDO, *et al.*, § § *Defendants*. § | CIVIL ACTION NO. H-21-3745 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Waller County pretrial detainee at the time of filing, filed a *pro se* section 1983 lawsuit against three medical providers at the Memorial Hermann Katy Hospital in Katy, Texas. He was denied leave to proceed *in forma pauperis* and refused to pay the filing fee from the $2,598.85 balance reflected in his jail financial records. In lieu of dismissing the case for non-payment of the filing fee, the Court will address plaintiff's claims.

Having screened the complaint under 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for failure to state a viable claim, as shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff alleges that on August 19, 2020, he was arrested in Brookshire, Texas. Because he complained of experiencing a panic attack or "seizure" during the arrest, Waller County Emergency Medical Services ("EMS") was called to evaluate his condition. EMS responded to the call and subsequently transported plaintiff to the Memorial Hermann Katy

Hospital (the "Hospital") emergency room for further evaluation. Plaintiff states that they arrived at the emergency room around 10:30 p.m. that evening.

At the Hospital emergency room, registered nurse Laura Saucedo told plaintiff they needed a urine sample, and told him to urinate into a cup she provided. At his request, plaintiff was given "some time" to provide the sample. When he was unable to urinate after twenty minutes, defendant Olufulahan Lawal, M.D., ordered the use of a straight catheter to obtain the necessary urine sample. Saucedo and defendant registered nurse Shairoz Ali complied with the physician's instructions and utilized a straight catheter to obtain the urine sample. Plaintiff complains that due to the procedure, his urine flow is crooked and uneven with a burning sensation "for life." He further states that EMS had inserted an I.V. into his arm, and that emergency room staff moved the I.V. to another location specifically to cause him pain and suffering.

Plaintiff claims that because of these actions and procedures, defendants Saucedo, Lawal, and Ali violated his constitutional rights. He seeks compensatory and punitive damages for pain, suffering, and emotional distress.

## II. ANALYSIS

A. <u>Screening Standards</u>

Plaintiff is an inmate proceeding *in forma pauperis* who seeks redress from a governmental entity or its employees. The Court is required by federal law to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is

frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief").

B.  State Actors

To state an actionable claim under section 1983, plaintiff must allege with sufficient supporting factual allegations, that the defendants, while acting under color of state law, deprived him of a right secured by the United States Constitution or other federal law. *See Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). To act under color of state law, the defendants must be either officers of the state or willful participants in joint action with the State or its agents. *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 319 (5th Cir. 2019). The fact that the defendants provided emergency medical services to plaintiff following his arrest by Waller County or Brookshire Police Department employees does not establish them as willful participants in a joint action with state actors.

Plaintiff does not allege in his complaint that the defendants were state actors for purposes of section 1983, nor does he state that they were employees of the Brookshire Police Department or Waller County Sheriff's Office. Consequently, he has not pleaded facts showing that the defendants were state actors. Although plaintiff requested discovery,

3

he only requested copies of his medical records and identification of the individuals who restrained him during the medical procedure. (Docket Entry No. 16.) He sought no discovery regarding the status of the defendants as state actors for purposes of section 1983 liability.

Because plaintiff has not alleged and supported with sufficient factual allegations a claim against state actors, he raises no viable claim for relief under section 1983. His claims against the named defendants are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for relief under section 1983.

C. State Law Claims

It is unclear whether plaintiff intended to raise state law claims (such as negligence and/or malpractice) against one or more of the named defendants. Though a federal court can hear pendent state law claims under 28 U.S.C. § 1367, the Court may decline to exercise such supplemental jurisdiction if the Court has dismissed all the claims over which it had original jurisdiction. *See Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir. 1992). Because the defendants named in this lawsuit are not amenable to suit under section 1983, the Court declines to exercise pendent jurisdiction over any state law claims raised by plaintiff, and the claims are **DISMISSED WITHOUT PREJUDICE.**

## III. CONCLUSION

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim upon which relief can be granted under section 1983. Any and all pending motions, including any application to proceed *in forma pauperis*, are **DISMISSED AS MOOT**.

This dismissal constitutes a strike for purposes of section 1915(g), and stands as plaintiff's third strike, at minimum. *See Grant v. Gorley*, C.A. No. H-21-3468 (S.D. Tex. April 29, 2022); *Grant v. Dressler*, C.A. No. 2:05-cv-0008 (N.D. Tex. Sept. 14, 2007). Consequently, plaintiff is barred from proceeding *in forma pauperis* in federal district court or court of appeals while in custody unless he demonstrates he is under imminent danger of serious physical injury at the time of filing or appeal. *See* 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on JUL 1 9 2022.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE